UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:__3/31/2023__

ONANEY POLANCO, *as Parent and Natural Guardian of A.D.*, and ONANEY POLANCO, *Individually*,

               Plaintiff,

               -against-

MEISHA PORTER, *in her official capacity as Chancellor of New York City Department of Education*;[1] and the NEW YORK CITY DEPARTMENT OF EDUCATION,

               Defendants.

1:21-cv-10927-MKV

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT**

MARY KAY VYSKOCIL, United States District Judge:

    Plaintiff Onaney Polanco, individually and as parent and natural guardian of A.D., a student with a disability, brings this action against the New York City Department of Education ("DOE") and David C. Banks (collectively, "Defendants"), pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400 *et seq.* Plaintiff seeks review of the decision of a state review officer dismissing an appeal regarding A.D.'s educational program for the 2019–2020 school year. Both parties move for summary judgment. For the following reasons, the Court DENIES Plaintiff's motion for summary judgment and GRANTS Defendant's motion for summary judgment.

## BACKGROUND

### I.    IDEA Statutory Framework

    The IDEA grants federal funds to states that provide a free appropriate public education ("FAPE") to children with disabilities. 20 U.S.C. § 1412(a)(1)(A); *see also Arlington Cent. Sch.*

---

[1] David C. Banks was appointed as Chancellor of the New York City Department of Education on January 1, 2022, but there has been no motion to amend the caption.

*Dist. Bd. of Educ. v. Murphy*, 548 U.S. 291, 295–96 (2006).  To provide a FAPE to each student with a disability, a school district must develop, review, and revise an "individualized education program" ("IEP") for each child.  20 U.S.C. § 1412(a)(4).  An IEP must be "reasonably calculated to enable the child to receive educational benefits."  *T.M. ex rel. A.M. v. Cornwall Cent. Sch. Dist.*, 752 F.3d 145, 151 (2d Cir. 2014) (quoting *Bd. of Educ. v. Rowley*, 458 U.S. 176, 207 (1982)).

The IDEA also requires states to establish "an administrative review process for parents who are dissatisfied with their child's education and wish to challenge the adequacy of the child's IEP."  *Ventura de Paulino v. N.Y.C. Dep't of Educ.*, 959 F.3d 519, 525–26 (2d Cir. 2020).  The State of New York has implemented a two-tier system of administrative review, under which dissatisfied parents may (1) file an administrative due process complaint and request a hearing before an impartial hearing officer ("IHO") and (2) appeal the IHO's decision to a state review officer ("SRO").  *Id.* at 526.  Thereafter, an aggrieved party may seek judicial review of an SRO's final decision.  *Id.*

In New York, an appeal of an IHO's decision to an SRO must be initiated by timely personal service on the DOE of a verified request for review within 40 days of the IHO's decision.  8 N.Y.C.R.R. § 279.4(a).  In the event of an untimely appeal, an SRO "may dismiss *sua sponte* a late request for review in his or her sole discretion" or "may excuse a failure to timely serve or file a request for review within the time specified for good cause shown."  8 N.Y.C.R.R. § 279.13.

The "pendency" or "stay-put" provision of the IDEA provides that while any "administrative and judicial proceedings are pending and 'unless the school district and the parents agree otherwise,' a child must remain, at public expense, 'in his or her then-current educational placement.'"  *Ventura*, 959 F.3d at 526 (quoting *Mackey ex rel. Thomas M. v. Bd. of Educ. for Arlington Cent. Sch. Dist.*, 386 F.3d 158, 160 (2d Cir. 2004)); 20 U.S.C. § 1415(j).  The Second

Circuit has interpreted this provision to "require a school district 'to continue funding whatever educational placement was last agreed upon for the child until the relevant administrative and judicial proceedings are complete.'" *Ventura*, 959 F.3d at 531 (quoting *T.M.*, 752 F.3d at 171).

Parents who are dissatisfied with a school district's recommendations for their child for a given school year may unilaterally place their child in a private school and seek retroactive tuition reimbursement from the school district. 20 U.S.C. § 1412(a)(10)(C). However, parents who make this unilateral decision "do so at their own financial risk." *Sch. Comm. of Town of Burlington v. Dep't of Educ. of Mass.*, 471 U.S. 359, 374 (1985). Further, parents who make this unilateral decision may obtain retroactive reimbursement only if they satisfy the three-part *Burlington-Carter*[2] test: "(1) the school district's proposed placement violated the IDEA by, for example, denying a FAPE to the student because the IEP was inadequate; (2) the parents' alternative private placement was appropriate; and (3) equitable considerations favor reimbursement." *Ventura*, 959 F.3d at 526–27 (alterations and citation omitted).

## II.    Factual Background

In the 2019–2020 school year, A.D. was eight years old. Defendant's Response to Plaintiff's Local Rule 56.1 Statement of Facts ¶ 2 [ECF No. 25] ("SMF").[3] A.D. is nonverbal, non-ambulatory, and is diagnosed with Pelizaeus-Merzbacher disease. SMF ¶ 3. A.D. is classified as a student with a disability, entitling him to a FAPE. SMF ¶ 18.

---

[2] The *Burlington-Carter* test was outlined by the Supreme Court in two separate decisions: *School Committee of Town of Burlington v. Department of Education of Massachusetts*, 471 U.S. 359 (1985), and *Florence County School District Four v. Carter*, 510 U.S. 7 (1993).

[3] All citations to "SMF" refer to ECF No. 25, which collates Plaintiff's Rule 56.1 Statement, Defendant's Responses, and Defendant's Statement of Additional Facts. Because Plaintiff did not respond to Defendant's Statement of Additional Facts, they are deemed admitted. *See* Local Civil Rule 56.1(c) ("Each numbered paragraph in the statement of material facts . . . will be deemed to be admitted for purposes of the motion unless specifically controverted.").

A.     *2017–2018 School Year*

A.D. was enrolled as a student at the International Academy of Hope ("iHope") during the 2017–2018 school year.  SMF ¶ 46.  Following the conclusion of an administrative proceeding, the DOE funded A.D.'s placement at iHope for the 2017–2018 school year.  SMF ¶ 46.

B.     *2018–2019 School Year*

Plaintiff unilaterally enrolled A.D. in the International Institute for the Brain ("iBrain") for the 2018–2019 school year.  SMF ¶ 47.  In July 2018, Plaintiff filed a new due process complaint, alleging that the DOE did not provide A.D. with a FAPE for the 2018–2019 school year and seeking pendency funding at iBrain.  SMF ¶ 48.  In November 2018, the IHO issued an interim pendency order, finding iBrain to be substantially similar to iHope and, accordingly, directing the DOE to fund A.D.'s education at iBrain during the pendency of the administrative proceedings ("the Interim Pendency Order").  SMF ¶ 49.  In September 2019, the IHO issued a Findings of Fact and Decision ("FOFD"), finding the due process complaint moot because the DOE had fully funded the 2018–2019 school year through pendency.  SMF ¶ 50.  Neither party appealed.

C.     *2019–2020 School Year*

Plaintiff continued A.D.'s unilateral enrollment at iBrain in the 2019–2020 school year.  SMF ¶ 31.  Plaintiff thereafter filed a third due process complaint, alleging that the DOE had not provided A.D. with a FAPE for 2019–2020 school year.  SMF ¶ 33.

Several months later, in September 2019, Plaintiff filed a complaint in this court, alleging that the DOE had failed to provide A.D. with a pendency placement for the 2019–2020 school year, in violation of the stay-put provision of the IDEA and New York law.  SMF ¶ 38; *see Polanco et al. v. Carranza, et al.*, No. 1:19-cv-8870 (MKV) (S.D.N.Y.) (the "Related Action").  Plaintiff moved for a preliminary injunction, seeking a pendency order directing the DOE to fund iBrain

while the administrative and judicial proceedings were ongoing.   SMF ¶ 38; *Polanco et al. v. Carranza, et al.*, No. 1:19-cv-8870 (MKV) (S.D.N.Y.) Proposed Order to Show Cause [ECF No. 3].   Judge Batts, to whom the case was then assigned, did not rule on the preliminary injunction motion and instead, issued a *sua sponte* Order staying the Related Action pending the Second Circuit's resolution of several similar actions.[4]   *Polanco et al. v. Carranza, et al.*, No. 1:19-cv-8870 (MKV) (S.D.N.Y.) Order [ECF No. 16].

The Second Circuit thereafter issued its decision in *Ventura de Paulino v. New York City Department of Education*, 959 F.3d 519 (2d Cir. 2020).   *Ventura* found that parents who had unilaterally moved their children from iHope to iBrain prior to the 2018–2019 school year were not entitled to pendency funding at iBrain.  959 F.3d at 525, 537.   Specifically, the Second Circuit held:

> Regardless of whether the educational program that the Students are receiving at iBrain is substantially similar to the one offered at iHope, when the Parents unilaterally enrolled the Students at iBrain for the 2018–2019 school year, they did so at their own financial risk.

*Id.* at 534.   The Court explained that, for purposes of pendency funding, the DOE was only required "to continue funding whatever educational placement was *last agreed upon* for the child until the relevant administrative and judicial proceedings are complete."  *Ventura*, 959 F.3d at 531 (emphasis added) (quoting *T.M*, 752 F.3d at 171).   In *Ventura*, the Second Circuit concluded on the facts of that case that the "last agreed upon" educational placement was iHope, which the City consented to "by operation of law" when the "impartial hearing officers . . . concluded that iHope was an appropriate placement for the [s]tudents and the City chose not to appeal the ruling to a state review officer."  *Id.* at 532.

---

[4] The Related Action remains stayed.

After the publication of *Ventura*, the IHO denied Plaintiff's request for pendency funding for the 2019–2020 school year, concluding that iHope (and not iBrain) was the last agreed upon educational placement.  SMF ¶ 39.  Plaintiffs did not appeal that determination.

Subsequently, in a May 9, 2021 decision, the IHO concluded on the merits that the DOE *had* provided A.D. with a FAPE for the 2019–2020 school year.   SMF ¶ 40; *see* Certified Administrative Record 13–26 [ECF No. 15] ("Admin. Rec.")  Plaintiff served the DOE with her verified request for review by an SRO on June 25, 2021, seven days after the 40-day deadline had expired.  SMF ¶¶ 59, 60.

On August 20, 2021, the SRO dismissed Plaintiff's appeal, concluding that Plaintiff had failed to timely initiate the appeal.  SMF ¶ 44; Admin. Rec. 7–11.  Plaintiff had attempted to explain the late filing in her request for review by stating that she received the underlying IHO decision from the DOE four days after its publication.  Admin. Rec. 10, 33.  The SRO concluded that this was insufficient to show good cause because the date Plaintiff received the IHO decision was not relevant to the 40-day appeal clock and, in any event, Plaintiff served the DOE with the request for review more than four days late.[5]  *See* Admin. Rec. 10–11.

Plaintiff then filed this action, seeking review of the SRO's decision dismissing the appeal. SMF ¶ 45; *see* Complaint [ECF No. 1] ("Compl.").  Defendants answered.  *See* Answer [ECF No. 9].  Now pending before the Court are the parties' cross-motions for summary judgment.  *See* Plaintiff's Motion for Summary Judgment [ECF No. 20]; Memorandum of Law in Support [ECF No. 21] ("Pl. Mem."); Defendant's Motion for Summary Judgment [ECF No. 24]; Memorandum of Law in Support [ECF No. 26] ("Def. Mem.").   Plaintiff filed an opposition brief, *see*

---

[5] In her verified reply brief to the SRO, Plaintiff argued for the first time that her counsel was ill in the days surrounding the deadline to petition for review and that this constituted good cause for her untimely filing.  Admin. Rec. 57.  The SRO did not address this argument.

Memorandum of Law in Opposition [ECF No. 27] ("Pl. Opp."), and Defendant filed a reply, *see* Reply Memorandum of Law [ECF No. 28] ("Def. Reply").

## <u>LEGAL STANDARDS</u>

In an IDEA case, a motion for summary judgment is treated as "an appeal from an administrative determination." *M.H. v. N.Y.C. Dep't of Educ.*, 685 F.3d 217, 226 (2d Cir. 2012). The Court must base "its decision on the preponderance of the evidence." *Id.* (quoting 20 U.S.C. § 1415(i)(2)(C)(iii); *see also W.A. v. Hendrick Hudson Cent. Sch. Dist.*, 927 F.3d 126, 149 (2d Cir. 2019) ("[T]he reviewing court should only reject the SRO's conclusions if it finds that they are not supported by a preponderance of the evidence.").

"[T]he role of the federal courts in reviewing state educational decisions under the IDEA is 'circumscribed.'" *Gagliardo v. Arlington Cent. Sch. Dist.*, 489 F.3d 105, 112 (2d Cir. 2007) (quoting *Muller ex. rel Muller v. Comm. on Special Educ. of E. Islip Union Free Sch. Dist.*, 145 F.3d 95, 101 (2d Cir. 1998)). Indeed, "federal courts reviewing administrative decisions must give 'due weight' to these proceedings, mindful that the judiciary generally 'lacks the specialized knowledge and experience necessary to resolve persistent and difficult questions of educational policy.'" *Id.* at 113 (alterations omitted) (quoting *Bd. of Educ. of Hendrick Hudson Cent. Sch. Dist. v. Rowley*, 458 U.S. 176, 206 (1982)).

## <u>DISCUSSION</u>

The parties cross-move for summary judgment. Plaintiff asks this Court "to find good cause to excuse [her] delay in filing." Pl. Mem. 23. Defendants contend that Plaintiff's untimely appeal amounts to a failure to exhaust administrative remedies and thus, this Court lacks subject matter jurisdiction with respect to this claim.[6] Def. Mem. 8–10. If the Court finds that it lacks

---

[6] "[C]ourts in this district have applied the exhaustion requirement claim-by-claim." *J.T. v. de Blasio*, 500 F. Supp. 3d 137, 193 (S.D.N.Y. 2020).

subject matter jurisdiction to review the SRO's decision, Plaintiff alternatively requests funding for the 2019–2020 school year through pendency.  Pl. Mem. 22–23.

## I.      Plaintiff Failed to Exhaust Her Administrative Remedies

It is well-settled that the IDEA requires an aggrieved party to exhaust the available administrative procedures prior to filing a lawsuit in federal court.  *See Cave v. E. Meadow Union Free Sch. Dist.*, 514 F.3d 240, 245 (2d Cir. 2008).  "Failure to exhaust . . . administrative remedies deprives the court of subject matter jurisdiction."  *Id.* (citing *Polera v. Bd. of Educ. of Newburgh Enlarged City Sch. Dist.*, 288 F.3d 478, 483 (2d. Cir. 2002)).[7]

There is a "line of precedent in this Circuit holding that a plaintiff's procedural errors, such as failure to timely serve or file a petition for SRO review, will be deemed a failure to exhaust administrative remedies."  *B.C. ex rel. B.M. v. Pine Plains Cent. Sch. Dist.*, 971 F. Supp. 2d 356, 365 (S.D.N.Y. 2013); *see also R.P. v. Pelham Union Free Sch. Dist.*, No. 16CV02898NSRTPG, 2017 WL 4382190, at *3 (S.D.N.Y. Sept. 29, 2017) ("Failure to exhaust includes failure to make a timely appeal to the SRO."); *R.S. v. Bedford Cent. Sch. Dist.*, 899 F. Supp. 2d 285, 291 (S.D.N.Y. 2012) (concluding that the court "lack[ed] subject-matter jurisdiction" where parent seeking tuition reimbursement did not serve the school district until one day after the deadline to appeal).  Further, if an SRO "dismisses a petition for review as untimely, courts will uphold the decision unless that decision was 'arbitrary and capricious.'" *Avaras v. Clarkstown Cent. Sch. Dist.*, No. 18-CV-6964 (NSR), 2019 WL 4600870, at *10 (S.D.N.Y. Sept. 21, 2019) (citations omitted).  This standard "mandates considerable deference to SROs."  *Id.* at *11.

---

[7] "Exhaustion is not necessary if (1) it would be futile to resort to the IDEA's due process procedures; (2) an agency has adopted a policy or pursued a practice of general applicability that is contrary to the law; or (3) it is improbable that adequate relief can be obtained by pursuing administrative remedies." *Ventura*, 959 F.3d at 530 n.41 (alterations omitted) (quoting *Murphy*, 297 F.3d at 199).

It is undisputed that the IHO's decision was issued on May 9, 2021.  SMF ¶ 40; Admin. Rec. 13–26.  Plaintiff therefore had until June 18, 2021—40 days after the issuance of the IHO's opinion—to personally serve the DOE with any notice of appeal.  *See* N.Y.C.R.R. § 279.4(a).  It is also undisputed that Plaintiff did *not* personally serve the DOE until June 25, 2021.  SMF ¶¶ 59, 60.  Thus, Plaintiff's appeal was untimely.  The SRO considered Plaintiff's purported reason for the delay (her late receipt of the IHO's decision), but ultimately determined that was an insufficient basis to exercise his discretion to excuse Plaintiff's failure to timely appeal.[8]  Other than vaguely asserting that this decision was "not rooted in law," Pl. Mem. 10, Plaintiff provides no reason for this Court to conclude the SRO's decision was arbitrary and capricious.

Plaintiff has also failed to show that good cause justified her untimely appeal.  In her summary judgment briefing, Plaintiff contends that her "untimeliness resulted from a clerical error" by "Plaintiff's counsel."  Pl. Mem. 7 n.2; Pl. Opp. 4; *see also* Compl. ¶ 138.  Even assuming that was true,[9] "'good cause for late filing [is] something like postal service error, or, in other words, an event [over which] *the filing party had no control*.'"  *B.C.*, 971 F. Supp. 2d at 367 (emphasis added) (quoting *T.W. v. Spencerport Cent. Sch. Dist.*, 891 F. Supp. 2d 438, 441 (W.D.N.Y. 2012)).  Plaintiff's counsel had control over its calendaring of the deadline.  Thus, any clerical error cannot constitute good cause.[10]

Plaintiff's arguments to the contrary are unpersuasive.  Plaintiff first contends that such an outcome contravenes "what Congress envisioned," Pl. Opp. 5, harkening to the "legislative

---

[8] Plaintiff also noted in her verified *reply brief* submitted to the SRO that her appeal was untimely because her attorney "was ill during the days preceding and following the filing deadline."  Admin. Rec. 57.  The SRO did not explicitly address this justification, which was permissible because "[t]he reasons for such failure shall be set forth in the request for review."  N.Y.C.R.R. § 279.13.

[9] It does not appear that Plaintiff raised this claim with the SRO.

[10] Plaintiff's assertion that her late filing was "not done deliberately" is similarly irrelevant.  Pl. Mem. 11.

history" of the IDEA, Pl. Mem. 13. But "the problems with legislative history are well rehearsed," *Wooden v. United States*, 142 S. Ct. 1063, 1077 (2022) (Barrett, J., concurring), and the Court therefore need not address this argument further. Plaintiff also contends that "all parties . . . failed at one point or another to adhere to statutory time periods."[11] Pl. Opp. 6. The Court is skeptical because "the late issuance of the SRO Decision" does not necessarily "impact . . . the substantive recommendations of the IEP or the parent's ability to participate in the IEP process." *R.B. v. N.Y.C. Dep't of Educ.*, 15 F. Supp. 3d 421, 432 (S.D.N.Y. 2014). What's more, Plaintiff provides no authority for the proposition that these other delays by the DOE excuse or justify *her* delay in filing a timely appeal. *See* Pl. Opp. 6.

The Court concludes that Plaintiff did not exhaust her administrative remedies because she failed to timely file a petition for review with the SRO. Accordingly, the Court lacks subject matter jurisdiction to hear this claim. Plaintiff's motion for summary judgment is denied, and Defendant's cross-motion is granted.

## II. The Court Declines to Consider Pendency in This Action

Plaintiff requests, in the event that the Court does not find good cause to excuse Plaintiff's filing delay, that this Court enter an Order directing the DOE to retroactively fund A.D.'s 2019–2020 placement at iBrain through pendency.[12] Pl. Mem. 22–23. Plaintiff has *already* filed a

---

[11] Specifically, Plaintiff contends that the SRO violated 34 C.F.R. § 300.511(b) in rendering his decision beyond the statutory time period. *See* Pl. Opp. 5–6. Plaintiff also accuses the DOE of failing to timely appoint an IHO to resolve Plaintiff's due process complaint. *See* Pl. Opp. 6.

[12] Plaintiff reasons that the "last agreed upon" educational placement for purposes of pendency was the un-appealed Interim Pendency Order from November 2018 which concluded, pre-*Ventura*, that iBrain was an appropriate pendency placement because it was substantially similar to iHope. Pl. Mem. 22–23. Defendants respond that this is improper because, "in order to represent an agreement between the parties, the unappealed decision upon which pendency may be based must be a decision on the *merits*." Def. Reply 6 (emphasis added). Because the Interim Pendency Order was an *interim* order pertaining only to pendency—*not* the appropriateness of A.D.'s educational placement at iBrain—the DOE contends that it cannot constitute the City's consent to a placement at iBrain "by operation of law." *Ventura*, 959 F.3d at 532; *see* Def. Mem. 18–20. "[W]hether an unappealed decision on pendency by an IHO constitutes a decision on the merits of the pendency placement and therefore constitutes an agreement on pendency, establishing pendency in subsequent due process proceedings until another pendency-setting event occurs

separate lawsuit seeking a pendency determination for the 2019–2020 school year before this Court. *See Polanco et al. v. Carranza, et al.*, No. 1:19-cv-8870 (MKV) (S.D.N.Y.). Plaintiff explains that "[a]lthough the cases seemingly overlap, it is important to highlight that the sister case seeks a pendency determination, but here, Plaintiffs pose relief in the form of pendency." Pl. Mem. 22.

This is a distinction without a difference. Plaintiff raises substantially similar arguments in the Related Action, where she also seeks pendency funding for the 2019–2020 school year. *See Polanco et al. v. Carranza, et al.*, No. 1:19-cv-8870 (MKV) (S.D.N.Y.) Complaint ¶¶ 41, 42 [ECF No. 1] (alleging that the DOE "deprived A.D. of his right to pendency" and requesting "equitable relief and damages as a result of the failure and/or delay by the DOE in providing A.D. with a pendency placement for the 2019–2020 school year"). In the interest of judicial economy, these arguments are more appropriately addressed in the Related Action. The Court therefore declines Plaintiff's invitation to consider pendency in this case. Accordingly, Plaintiff's motion for summary judgment is denied, and Defendant's cross-motion is granted.

## CONCLUSION

For the above reasons, Plaintiff's motion for summary judgment is DENIED. Defendant's motion for summary judgment is GRANTED. The Clerk of Court is respectfully requested to terminate docket entries 20 and 24 and to close this case.

**SO ORDERED.**

*Mary Kay Vyskocil*
_____
**MARY KAY VYSKOCIL**
**United States District Judge**

**Date:  March 31, 2023**
       **New York, NY**

---

. . . appears to be an issue of first impression." *R.S. by & through C.S. v. N.Y.C Dep't of Educ.*, No. 21-CV-10596 (LJL), 2023 WL 2368987, at *7 (S.D.N.Y. Mar. 6, 2023).